UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| LARRY THOMPSON | CIVIL ACTION |
| VERSUS | NO. 22-2248 |
| TIM HOOPER, WARDEN | SECTION: "G"(1) |

### REPORT AND RECOMMENDATION

On July 11, 2022, petitioner, Larry Thompson, a state prisoner incarcerated at the Louisiana State Penitentiary in Angola, Louisiana, signed a federal application seeking habeas corpus relief pursuant to 28 U.S.C. § 2254. On that same day, he submitted that application to prison officials for electronic transmission to this Court. On July 20, 2022, prison officials scanned and emailed the application to the Court.[1]

On July 21, 2022, the Clerk of Court issued a Notice of Deficient Filing stating that petitioner must, within twenty-one days, pay the required filing fee or submit a motion requesting leave to proceed *in forma pauperis*.[2] That same day, that Notice of Deficient Filing was returned to the Court by prison officials stamped "NO LONGER AT LSP" and marked "Deceased."[3] Out of an abundance of caution, a staff member of the Clerk of Court's Pro Se Unit telephoned the prison to verify that information, and a prison official confirmed that petitioner had in fact died.[4]

Because a petitioner's death moots his federal habeas corpus claims, this matter should be **DISMISSED AS MOOT**. See, e.g., Soffar v. Davis, 653 F. App'x 813, 814 (5th Cir. 2016); see also Ellis v. King, 792 F. App'x 335 (5th Cir. 2020); Knapp v. Baker, 509 F.2d 922 (5th Cir. 1975); Brian R. Means, Federal Habeas Manual § 1:78 (2022).

---

[1] Rec. Doc. 1.
[2] Rec. Doc. 2.
[3] Rec. Doc. 3.
[4] See Docket Sheet entry dated July 21, 2022.

## **RECOMMENDATION**

It is therefore **RECOMMENDED** that the federal habeas corpus application filed by Larry Thompson be **DISMISSED AS MOOT**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this __25th__ day of July, 2022.

_____
**JANIS VAN MEERVELD**
**UNITED STATES MAGISTRATE JUDGE**